UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| *In re:* | : | Case No.: 23-30400 (AMN) |
| Donald John Desaulniers and | : | Chapter 13 |
| Maria Teresa Desaulniers | : | |
| *Debtors* | : | |
| _____ | : | |
| | : | |
| Union Savings Bank, | : | |
| *Movant* | : | |
| v. | : | |
| Donald John Desaulniers and | : | |
| Maria Teresa Desaulniers | : | |
| *Respondents* | : | |
| | : | |
| Roberta Napolitano, Trustee | : | RE:  ECF No. 44 |
| *Chapter 13 Trustee* | : | |

## MEMORANDUM OF DECISION
## DISMISSING CHAPTER 13 CASE FOR CAUSE

During a hearing held on October 12, 2023, the court reserved decision on a Motion to Dismiss this Chapter 13 case filed by Union Savings Bank ("Bank").  ECF No. 44.  The Bank filed a proof of claim alleging a mortgage debt totaling $1,107,703.45 as of the June 2023 petition date.  See, proof of claim 15-1.  Of that amount approximately $140,000 is for accrued unpaid interest, and approximately $61,000 is for escrow funds advanced by the Bank pre-petition for things like unpaid real property taxes.  No objection to the proof of claim has been filed.  The Debtors believe the real property at the center of this case – the Debtors' residence – is worth $1,050,000, the same value determined by the state court in its September 2022 judgment of strict foreclosure.  ECF No. 13, p.1; *Union Savings Bank v. Desaulniers, et al.,* UWY-CV-206056875-S,

Connecticut Superior Court. The bankruptcy case was filed shortly before a strict foreclosure law day.

The Debtors and their realtor each appeared at the October 12th hearing. At the time of the hearing, the real property was listed for sale on the Multiple Listing Service. The realtor confirmed there were no public open houses planned but said she might hold a broker's open house. The apparent reason public open house showings – a common tool to market residential real property – were not planned was that the Debtors believe people who are not pre-approved potential buyers would attend and they require the realtor to pre-approve potential buyers before they may view the property. While marketing the real property in this way, the Debtors propose to live in the million-dollar house, make Chapter 13 Plan payments of just $54.52 per month to the Chapter 13 Trustee, but they propose to make no adequate protection payments of any kind to the secured creditor Union Savings Bank.

Post-petition, the Bank claims it paid the real property taxes that were due in July 2023, and during the October 12th hearing the Debtors acknowledged they did not make the July tax payment. The extremely low monthly Chapter 13 Plan payment was reiterated in the Debtors' most recent Chapter 13 Plan filed on October 30, 2023, as ECF No. 81. The Chapter 13 Plan proposes a sale of the real property within four (4) months after confirmation, or the case would then be dismissed. Payment to unsecured creditors relies on Mr. Desaulniers's success in litigation claims he is pursuing against two prior employers. Mr. Desaulniers acknowledged during the October 12th hearing that the Debtors would receive no proceeds from a sale of the residence since the balance on the mortgage to Union Savings Bank exceeds the value of the real property.

Pursuant to Bankruptcy Code § 1307(c), the court may dismiss a Chapter 13 case for cause, including unreasonable delay by a debtor that is prejudicial to creditors. 11 U.S.C. § 1307(c)(1). When a debtor persists in proposing a Chapter 13 Plan lacking good faith, that may also constitute cause to dismiss the case. Here, the Chapter 13 Plan filed by the Debtors is not feasible, causes unreasonable delay and appears to be proposed for the sole purpose of delaying the Bank's enforcement of its non-bankruptcy rights or remedies. Based on the statements made by the Debtors in hearings in this case, review of the bankruptcy schedules and statements, the unreasonably low monthly Chapter 13 Plan payment, the lack of ability to pay more than $54.52 per month to the Trustee, and the failure to make adequate protection payments to the Bank or to pay post-petition real property taxes, I conclude there is sufficient cause to dismiss the case.

All other arguments have been considered and determined to be without merit.

A separate order dismissing the case will enter.

Dated this 9th day of November, 2023, at New Haven, Connecticut.

*Ann M. Nevins*
Chief United States Bankruptcy Judge
District of Connecticut